```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

DRIEFUS HARBIN,                )
                               )
Petitioner,                    )
                               )
vs.                            )   NO. 2:05-CV-205
                               )       (2:98-CR-78)
UNITED STATES OF AMERICA,      )
                               )
Respondent.                    )

## OPINION AND ORDER

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, Driefus Harbin, on May 19, 2005. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05511-027, at F.C.I. Beckley in Beaver, West Virginia, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

The facts and procedural posture of the underlying criminal case are lengthy, familiar, and set forth in detail in the Seventh Circuit's published opinion, *United States v. Hicks*, 368 F.3d 801 (7th Cir. 2004). The Court assumes the parties' familiarity with that

opinion and the proceedings of this case.  Relevant here, Petitioner, Driefus Harbin, was convicted by a jury of conspiring to possess with intent to distribute and distributing 50 grams or more of crack cocaine, in violation of Title 21 U.S.C. section 846, and possessing with intent to distribute in excess of 5 grams of crack cocaine, in violation of Title 21 U.S.C. section 841(a)(1).  Subsequently, the Court conducted the sentencing in a three part process.  The Court began with an evidentiary hearing on October 18, 2002.  This was followed by a February 21, 2003, hearing where the parties made their respective arguments, including sentencing objections.  Finally, on March 14, 2003, the Court found that Petitioner had a base offense level of 32 because of the crack cocaine attributable to him.  The Court also determined Petitioner to have a criminal history category III.  The Court denied Petitioner's request for a reduction of acceptance of responsibility under section 3E1.1 of the Guidelines. Ultimately, Petitioner was sentenced to 188 months of imprisonment on each count, to be served concurrently.  Petitioner has exhausted his direct appeals, and now proceeds with the instant collateral attack.

Petitioner filed his habeas petition based upon two complaints regarding ineffective assistance of counsel at the sentencing phase. First, Petitioner claims his counsel rendered ineffective assistance of counsel in not "adequately" objecting to the Court's denial of acceptance of responsibility.  Second, Petitioner faults his counsel for not objecting to his involvement in Dontrell Hamilton's murder and

other acts of violence.  These arguments will be addressed in turn.

DISCUSSION

Habeas Corpus

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal.  *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313.  Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional

errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.  *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally.  *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original)

(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Ineffective Assistance of Counsel

Counsel in a criminal case must perform according to the standards of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). The test for ineffective assistance of counsel under *Strickland* is exacting. To successfully assert such a claim, a Defendant must show that his attorney's representation "fell below an objective standard of reasonableness" and that, but for counsel's lapses, "the result of the proceeding would have been different." *Porter v. Gramley*, 112 F.3d 1308 (7th Cir. 1987) (quoting *Strickland*, 466 U.S. at 688, 694). "In sum, counsel's errors must result in a proceeding that is 'fundamentally unfair or unreliable.'" *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). The *Strickland* test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted). For example, trial strategy is not a viable subject for review by this or any other court. *Williams v. McVicar*,

918 F. Supp. 1226, 1233 (N.D. Ill. 1996).  Thus, when examining the performance prong of the test, a court must "indulg[e] a strong a presumption that counsel's conduct falls within the wide range of reasonable assistance."  *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (internal quotes omitted).  Similarly, when examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict.  *Kavanagh*, 73 F.3d at 735 (citation omitted).  Unless a defendant satisfies both parts of the test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994).

Acceptance of Responsibility

As set forth above, Petitioner's counsel sought the benefit of acceptance of responsibility, which this Court denied.  While Petitioner vaguely argues that his counsel somehow did not adequately object to the Court's denial of acceptance of responsibility, Petitioner fails to explain what specific deficiency he is complaining of.  As Petitioner does not even state the basis upon which his counsel should have challenged the denial of acceptance of responsibility, he has failed to meet the performance prong of *Strickland*.  In addition, upon the Court's own review of the sentencing transcripts, it is apparent that counsel's conduct clearly falls within the range of reasonable professional assistance.

-6-

*Strickland*, 466 U.S. at 689.

At the sentencing hearing, Petitioner's counsel proffered that Petitioner should get the benefit of acceptance of responsibility, due to his attempt at entering into a plea agreement with the Government. (Feb. 21, 2003 Tr., p. 43).  The Court rejected the argument at sentencing.  Moreover, the Seventh Circuit has already had occasion to visit this issue and found that Petitioner was not entitled to any reduction based upon acceptance of responsibility.  *Hicks*, 368 F.3d at 808-09.  Thus, Petitioner's claim also fails under the prejudice prong of *Strickland*.

Acts of Violence

Here, Petitioner complains that his counsel did not object to the admission of evidence related to the murder of Dontrell Hamilton and other acts of violence.  This omission should not come as a surprise because, as the Government again correctly notes, neither the murder nor any other acts of violence played a role in determining Petitioner's sentence.  Petitioner's sentence was calculated simply by determining the offense level, which was unaffected by the acts of violence, and the criminal history.  Therefore, counsel's failure to object to the admission of the acts of violence evidence caused no prejudice under *Strickland* and, consequently, this claim must fail.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05511-027, at F.C.I. Beckley in Beaver, West Virginia, or to such other more recent address that may be on file for Petitioner.

**DATED:  May 8, 2006**                              /s/RUDY LOZANO, Judge
                                              **United States District Court**